# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7909 | **DATE** | December 4, 2001 |
| **CASE TITLE** | *Inforizons, Inc. vs. VED Software Services, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies VED Software Services, Inc.'s motion to dismiss Inforizons, Inc.'s complaint [4-1]. However, on the court's own motion, the proceedings in this case are stayed pending the disposition of *VED Software Services, Inc. v. Inforizons, Inc.*, Case No. 01-60207, currently pending in the United States District Court for the Eastern District of Michigan.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 05 2001 date docketed | |
| ✓ | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CM docketing deputy initials | 8 |
| | Mail AO 450 form. | | | |
| ✓ | Copy to Judge Marianne O. Battani (E.D. Michigan) | | | |
| | CW | courtroom deputy's initials | DEC -4 PM 3:41 date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 0 5 2001

| | |
|---|---|
| INFORIZONS, INC., an Illinois corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 7909 |
| ) | |
| VED SOFTWARE SERVICES, INC., ) | |
| a Michigan corporation, ) | Judge James H. Alesia |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant VED Software Services, Inc.'s ("VED") motion to dismiss plaintiff Inforizons, Inc.'s ("Inforizons") complaint on the grounds that the claims asserted in Inforizons's complaint are compulsory counterclaims under Federal Rule of Civil Procedure 13(a), in VED's earlier-filed action against Inforizons in the United States District Court for the Eastern District of Michigan (the "Michigan litigation"). For the following reasons, the court denies VED's motion to dismiss. However, on the court's own motion, the proceedings in this case are stayed pending the disposition of the Michigan litigation.

## I. BACKGROUND

Inforizons is an Illinois corporation engaged in the business of software consulting and computer programming. VED is a Michigan corporation engaged in computer consulting. On or about April 6, 1998, Inforizons and VED entered into a Services Agreement ("the Agreement"), in which VED agreed to supply computer programming services to Inforizons and Inforizons's clients.



Under Schedule A of the Agreement, a work order assigned certain VED employees to provide computer programming services to one of Inforizons's clients, Reynolds & Reynolds, for a specific term and at an hourly rate while still remaining employees of VED. VED claims that it provided services to Reynolds & Reynolds in accordance with the Agreement but, beginning in March 2001, Inforizons completely failed to pay VED's invoices, and by September 30, 2001, Inforizons owed VED $94,850 under the Agreement. Meanwhile, Inforizons claims that VED supplied computer programmers to Reynolds & Reynolds for VED's own benefit, in direct contravention of the Agreement, and also breached the confidentiality provisions of the Agreement.

On October 4, 2001, VED filed a breach of contract action against Inforizons in the United States District Court for the Eastern District of Michigan, case number 01-60207, alleging that Inforizons breached the Agreement. VED's complaint in the Michigan litigation alleges breach of contract, accounts stated, and unjust enrichment based on Inforizons's alleged failure to pay for VED's services.

On October 12, 2001, eight days after VED filed suit in the Eastern District of Michigan, Inforizons filed the instant case, alleging that VED breached the Agreement. Inforizons's complaint alleges breach of contract and interference. Inforizons alleges that, at the time it filed the instant case, it was unaware of the Michigan litigation and had not yet been served with process.

In the instant case, on November 7, 2001, VED moved to dismiss Inforizons's complaint on the grounds that Inforizons's claims are compulsory counterclaims in the Michigan litigation under Rule 13(a). Meanwhile, in the Michigan litigation, on November 26, 2001, Inforizons

2

moved to dismiss VED's complaint under Federal Rule of Civil Procedure 12(b)(2) or alternatively dismiss or transfer the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404.[1]

## II. **DISCUSSION**

Rule 13(a) of the Federal Rule of Civil Procedure requires a party defending against any claim to bring as a compulsory counterclaim "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." FED. R. CIV. P. 13(a). This requirement operates under the doctrine of res judicata to bar a party from suing on a claim that it should have brought as a compulsory counterclaim in a prior action. *Galileo Int'l P'ship v. Global Vill. Communication, Inc.*, No. 96 C 3554, 1996 WL 452273, at *2 (N.D. Ill. Aug. 8, 1996). Rule 13(a) does not expressly bar a party from asserting an independent action that it could have brought as a compulsory counterclaim in a pending action. *Id.* Nevertheless, in the interests of judicial administration, a court will generally either stay its own proceedings or dismiss an action once it learns that the action before it involves a claim that is properly characterized as a compulsory counterclaim in another pending federal action or is duplicative of parallel action already pending in another federal court. *Id.* (*citing Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

---

[1]Inforizons argues that this court should defer ruling on VED's motion to dismiss until after the judge in the Michigan litigation rules upon Inforizons's motion to dismiss. Inforizons cites absolutely no case authority – and the court is unable to find any – to support this argument. Therefore, the court will rule on VED's motion.

3

Commenting on the history of Rule 13, the United States Supreme Court noted that, "[t]he requirement that counterclaims ... 'shall' be stated in the pleadings was designed to prevent multiplicity of actions[.]" *S. Constr. Co., v. Pickard*, 371 U.S. 57, 60 (1962). Because counterclaims generally can be adjudicated most efficiently in one action, the presumption is that courts should enjoin prosecution of subsequently-filed lawsuits that state claims characterizable as compulsory counterclaims to the initial action. *See Asset Allocation & Mgmt. Co. v. W. Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989). As such, the viability of a subsequently-filed claim depends largely on its proper characterization. *See Super Natural Distribs., Inc. v. MuscleTech Research & Dev.*, 140 F. Supp. 2d 970, 976 (E.D. Wis. 2001).

In this circuit, whether a claim is a compulsory counterclaim hinges on whether the claim of the defendant – whether asserted in the same case or in a subsequent action – is "logically related" to the claim asserted by the plaintiff. *See Colonial Penn Life Ins. Co. v. Hallmark Ins. Adm'rs, Inc.*, 31 F.3d 445, 448 (7th Cir. 1994). Federal law does not impose a formalistic test to determine whether suits are logically related so as to equate one suit a compulsory counterclaim of the other. Rather, the test is to be applied flexibly in order to further the policies of Rule 13(a). *See Pac. Wine Co. v. Peak Wines Int'l*, No. 00 C 539, 2000 WL 347312, at *2 (N.D. Ill. Apr. 3, 2000) (*citing Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990)). The purpose of Rule 13(a) is judicial economy: "to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *See In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). To determine whether this purpose is served, a court should consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Id. See*

4

*Burlington N. R.R.*, 907 F.2d at 712 ("A court should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds" when determining whether claims are logically related).

In this case, given that the same parties, issues, and ultimately, the same relief would be possible if these disputes were resolved in one action, the court finds that the totality of the claims indicate that the current action is logically related to the Michigan litigation. First, the parties are the same in each suit. Second, the substantive issues involved in the two suits are substantially, if not entirely, identical. VED seeks damages for breach of contract, accounts stated, and unjust enrichment because it claims its relationship with Reynolds & Reynolds was proper under the Agreement and it is entitled to payment under the Agreement. Meanwhile, Inforizons seeks damages for breach of contract and interference because it claims VED's relationship with Reynolds & Reynolds was improper under the Agreement. In other words, the instant case and the Michigan litigation have a "shared realm of genuine dispute" over whether VED's relationship with Reynolds & Reynolds was proper under the Agreement. This shared dispute indicates that Inforizons's claims against VED are properly characterizable as compulsory counterclaims. *See Burlington N. R.R. Co.*, 907 F.2d at 712 (indicating that a shared realm of genuine dispute demonstrates that a claim constitutes a compulsory counterclaim). Third, ultimately, the same relief would be possible in either suit. Finally, the Michigan litigation is not of merely peripheral concern to the instant lawsuit. *See Asset Allocation & Mgmt. Co.*, 892 F.2d at 573 (suggesting that subsequently filed claims should not be barred where the previously filed lawsuit is but a "sideshow" to the second, even when the later-filed claims are properly characterizable as compulsory counterclaims). In sum, the claims in the

5

instant case involve the same parties, facts, law, and evidence as the Michigan litigation. Taken together, all these facts indicate that the "totality of the claims" are related and that judicial economy would be served by their treatment as compulsory counterclaims. *See Burlington N. R.R.*, 907 F.2d at 712.

There is a rebuttable presumption that the first case filed should proceed and the second case be abated. *Asset Allocation & Mgmt. Co.*, 892 F.2d at 573. The plaintiff bears the burden of showing a compelling circumstance or imbalance of convenience to overcome the presumption that the second-filed case should be dismissed in favor of the first-filed case. *Cent. States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp. 2d 1092, 1094 (N.D. Ill. 1999). Such circumstances include a showing that the plaintiff in the first-filed action raced to the courthouse to avoid litigating in another forum, that the plaintiff in the second-filed action may not be able to obtain jurisdiction over an indispensable defendant in the forum of the first-filed action, that the first-filed action is trivial in relation to the second-filed action, that the second-filed action has developed further than the first-filed action, or that the first-filed action was brought in bad faith. *See Indianapolis Motor Speedway Corp. v. Polaris Indus. Inc.*, No. IP 99-1190-C-B/S, 2000 WL 777895, at *2 (S.D. Ind. 2000) (citing cases).

Inforizons has made no assertion that any circumstance exists in this case to overcome the rebuttable presumption that the second-filed case should be dismissed in favor of the first-filed case, and the court finds that no such circumstance exists.[2] The court can see no prejudice

---

[2] Inforizons merely argues that the court should not dismiss its claims because (1) it could not have asserted the claims in the Michigan litigation before filing this case as it was unaware of the Michigan litigation and (2) the time has not yet elapsed for Inforizons to assert any claims
(continued...)

to Inforizons, nor has Inforizons pointed to any, to its litigating the counterclaim in Michigan. Further, dismissal of Inforizons's complaint in this court will not prevent it from asserting its breach of contract claim as a compulsory counterclaim in the Michigan litigation. If successful on such a counterclaim, Inforizons would be entitled to no less relief than possible under the instant complaint. However, dismissal of this case could create an unwarranted risk of legal prejudice to Inforizons if VED later dismisses it own suit and Inforizons attempts to refile its breach of contract claims but encounters a statute of limitations problem. Therefore, in lieu of dismissing this action, on its own motion the court will stay proceedings in the current suit pending the disposition of the Michigan litigation. *See Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000) (stating that duplicative litigation should be "stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests[,]" and that "dismissal created an unwarranted risk of legal prejudice, should [the defendant] then dismiss its own suit."); *Asset Allocation & Mgmt. Co.*, 892 F.2d at 571 (disapproving of the practice of dismissing – rather than staying – duplicative actions unless the duplicative action is vexatious or harassing).

## CONCLUSION

For the foregoing reasons, the court denies VED's motion to dismiss. However, on the court's own motion, the proceedings in this case are stayed pending the disposition of *VED*

---

[2](...continued)
in the Michigan litigation. The court finds Inforizons's arguments unpersuasive because this court is not barring Inforizons from filings its counterclaims in the Michigan litigation. Rather, this court is merely deciding whether Inforizons claims may be filed properly as a separate suit rather than as counterclaims in the Michigan litigation.

7

*Software Services, Inc. v. Inforizons, Inc.*, Case No. 01-60207, currently pending in the United States District Court for the Eastern District of Michigan.

Date: **DEC 04 2001**

James H. Alesia
United States District Judge